**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MITCHELL HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:14-cv-01044** |
| | ) | |
| | ) | **Judge Trauger** |
| **WILSON COUNTY JAIL ADMINISTRATOR** *et al.,* | ) | **Magistrate Judge Griffin** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before the court is the plaintiff's objection (ECF No. 47) to the Report and Recommendation ("R&R") filed by Magistrate Judge Juliet Griffin (ECF No. 44). Magistrate Judge Griffin recommends that the defendants' motion for summary judgment (ECF No. 35) (which is actually a motion for partial summary judgment) be granted and that this action be dismissed.

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, as in this case, the district court must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

For the reasons set forth herein, the court will accept the R&R and dismiss this action in its entirety.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The original complaint names as defendants Jail Administrator Doug Whitefield and Wilson County Sheriff Robert Bryan in their official capacities only. The court conducted an initial review of the complaint and found that the plaintiff stated arguable legal claims for relief based upon allegations that his religious rights were violated at the jail. The plaintiff alleges that his request to speak to his Muslim Imam was denied because he was told that "Islamic Clergy cannot visit for religious reasons because they are not part of the Wilson County Jail Ministry" (ECF No. 1, at 5); he was also told that "Holy Qur'ans cannot

be sent to inmates or donated because they are sold on the commissary." (*Id.*) The plaintiff seeks punitive damages from each defendant.

The plaintiff was later allowed to amend his complaint to assert that the defendants denied him access to law books in retaliation for his filing the instant lawsuit. In his amendment, the plaintiff states:

> Between May 5, 2014 and July 22, 2014 I have been denied access to the legal material (state law books) of this jail. On numerous occassions I have requested access, my request has went unanswered. When questioned, the C.O.s (Correctional Officers) states that "all" requests must go through Lt. Whitefield and be sent back to the units control tower before an inmate can be given access to the law books. Before the month of May 2014 I was regularly granted access to the law books. The civil case that I am adding this pleading to began in late April 2014, therefore, I believe denying me access to the law books is retaliation by Lt. Doug Whitefield and Sheriff Robert Bryan.

(ECF No. 22, at 1–2.)

The defendants filed a motion for summary judgment requesting an order "dismissing all claims against them with prejudice." (ECF No. 35, at 1.) The motion, however, is actually a motion for partial summary judgment because it addresses only the plaintiff's First Amendment claims and not the retaliation claim. The motion is supported by declarations in which the defendants attest that, pursuant to Wilson County Jail policy, (1) the jail does not provide free copies of the Quran, but if a copy of the Quran had been donated or mailed to the plaintiff, he would have been allowed to have it (Whitefield Dec. ¶ 5); and (2) ministers of all faiths, including Muslim imams, are allowed to visit jail inmates during standard visiting hours and are not required to become part of the Wilson County Jail Ministry unless they seek to do more than visit during normal visiting hours. (*Id.* ¶¶ 6–7.) Becoming part of the Wilson County Jail Ministry entails undergoing a background check and orientation process in order to permit the jail administration to ensure that clergy in the jail ministry are legitimate ministers and not using the ministry for an improper purpose. (*Id.* ¶¶ 9–10.)

The defendants point out that the plaintiff sues them in their official capacity only and does not allege that they were personally involved in the actions giving rise to the claims in his complaint. Instead, the plaintiff asserts that an unnamed jail officer, who is not a defendant, told the plaintiff that he would not be permitted to receive a donated Quran and that his imam would not be permitted to visit him. The defendants argue that, even if the plaintiff's factual allegations are accepted as true, he has not shown that he suffered a constitutional violation as a result of an official policy or custom of the jail. The

defendants also argue that the plaintiff failed to exhaust his administrative remedies and that the defendants are entitled to judgment in their favor on that basis as well.

The plaintiff responded to the motion for summary judgment by filing his own statement of disputed facts (ECF No. 42-1, at 1–2), a copy of the defendants' answer (*id.* at 3–5), and copies of his responses to discovery requests served on him by the defendants. He argues that jail inmates are not allowed to speak directly to the defendants, and that the defendants should be liable for the words and actions of the correctional officers because they represent the jail's customs and because the statements from the correctional officers are "the same as coming from Lt. Whitefield or Sheriff Bryan." (ECF No. 42, at 1.) He further asserts that he filed a grievance in February 2014 about the denial of a Qur'an and religious visits but never received a response to his grievance. In his response to the defendants' discovery, the plaintiff stated:

> Unidentified C.O. did say that a Holy Qur'an mailed to me would "be refused and mailed back."
>
> The same C.O. did not say that Islamic clergy could go through a process for visitation only that "they couldn't visit because . . . they are not part of the Wilson Co. Jail Ministry."

(ECF No. 42-1, at 1.)

In the R&R, Magistrate Judge Griffin acknowledges that prison inmates retain their rights under the First Amendment to practice their religion while incarcerated, but also that "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." (ECF No. 44, at 5 (quoting *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985).) She nonetheless recommends that the defendants' motion for summary judgment be granted on the basis that, even if the plaintiff's factual allegations are accepted as true, they do not establish a violation of the plaintiff's constitutional rights.

In his objection to the R&R, the plaintiff insists that (1) the policy statements made in Doug Whitefield's declaration conflict with his statements that he was told that if a Quran was mailed to him it would be returned to the sender and that Islamic clergy would not be allowed to visit during any hours; and (2) he properly utilized the prison grievance procedure to contest these statements but the defendants did not respond to his grievance or correct the alleged error in his understanding of the policy. (ECF No. 47.)

Because Magistrate Judge Griffin's recommendation was not premised upon a failure to exhaust, the court does not address that objection. As discussed below, the court finds the plaintiff's other objection to be without merit.

### III.    Discussion

####    A.    First Amendment Claims

The court construes the plaintiff's response as asserting that disputed issues of material fact preclude summary judgment. The court, however, agrees with the magistrate judge that there are no disputed issues of material fact and that the defendants are entitled to judgment as a matter of law on the plaintiff's First Amendment claims.

The defendants set forth evidence that, pursuant to jail policy, inmates may either purchase a Quran at the jail commissary or receive a Quran that has been donated to the jail or mailed directly to the inmate.[1] The defendants further assert that, although it is not the jail's policy to provide free Qurans to inmates, the plaintiff received a free Quran in August 2014. The jail also set forth evidence that the jail's policy is to permit any religious clergy to visit inmates during regular visiting hours and that, if they seek greater access, they must become members of the Wilson County Jail Ministry. The plaintiff contends, in essence, that these policies were not actually followed at the jail and that, based on what he was told by one correctional officer, the jail instead had a policy pursuant to which (1) if someone mailed him a copy of the Quran he would not receive it; and (2) his imam could not visit him.

Although what the plaintiff alleges he was told clearly conflicts with the policy as articulated by the defendants, the court finds that this conflict is not material. What the plaintiff was *told* by one officer does not constitute an *action* that had the power to violate the plaintiff's rights. That is, the plaintiff does not allege that someone sent him a copy of the Quran but that he was not allowed to have it, nor does he allege that his imam actually attempted to visit him during regular visiting hours but was turned away. One

---

[1] The First Amendment does not require that inmates be provided with free copies of religious materials. *See, e.g.*, *Haynie v. Turnbo*, 996 F.2d 307 (Table), 1993 WL 241837, at *1 (5th Cir. June 23, 1993) (citing *Cruz v. Beto*, 405 U.S. 319, 323 (1972) (Burger, C.J., concurring); *Tarpley v. Jefferson Cnty. Comm'rs*, No. 2:09-cv-00199, 2011 WL 463101 (S.D. Ohio Feb. 4, 2011) (holding that the First Amendment does not require the defendant jail officials to provide a free Bible to the inmate plaintiff, citing *Haynie v. Turnbo*). Thus, the jail's policy as articulated by the defendants is not unconstitutional *per se*, and the plaintiff does not argue otherwise.

correctional officer's statement as to his understanding of the policy is simply conjecture; the plaintiff has failed to show that the conjecture was ever realized or that an unconstitutional policy or custom was actually followed. Thus, even accepted as true, the plaintiff's allegations fail to establish a violation of his constitutional rights.

In short, one correctional officer's statement of his understanding of the jail policy, in conflict with the official jail policy, does not establish an actual constitutional violation. And even if the unnamed correctional officer's statement could be deemed an action rather than just an uncorroborated statement, it would amount, at worst, to an isolated or *de minimis* incident that did not give rise to a constitutional violation. *Cf. Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010). The Court will therefore grant summary judgment in favor of the defendants on the plaintiff's First Amendment claims.

### B. Retaliation Claim

The defendants did not address the retaliation claim articulated in the plaintiff's amendment to his complaint and therefore did not establish that summary judgment was warranted as to that claim. The magistrate judge nonetheless recommends dismissal of the claim on the basis that (1) the plaintiff sued the defendants in their official capacity only; (2) an official-capacity claim seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), in this case Wilson County; (3) the plaintiff seeks relief in the form of "punitive" damages only; and (4) punitive damages may not be assessed against a municipality for claims brought under 42 U.S.C. § 1983. (ECF No. 44, at 8–9 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007).) The plaintiff did not object to this portion of the R&R, and the court therefore will adopt and accept it.

### IV. Conclusion

The defendants have established that there are no disputed issues of material fact and that they are entitled to summary judgment in their favor as a matter of law on the plaintiff's First Amendment claims. The court will therefore overrule the plaintiff's objection and accept the magistrate judge's recommendation that the motion be granted. In addition, because the plaintiff did not object to the recommendation that his retaliation claim be dismissed, the court will accept that recommendation, and

the retaliation claim will be dismissed under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim for which relief may be granted. This action will be dismissed in its entirety and judgment entered in favor of the defendants.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge